UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARRY VOORHEES,

    Plaintiff,

v.                                              Case No: 5:16-cv-561-Oc-30PRL

HELENE AFRICANO,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant Helene Africano's Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) and Plaintiff Garry Voorhees' response in opposition (Doc. 21). The Court has considered these filings, the amended complaint (Doc. 3), and the relevant law, and *sua sponte* remands this matter for the reasons discussed below.

## FACTUAL BACKGROUND

Twenty-two years ago, Norman E. Voorhees, Plaintiff Garry Voorhees' father, met Defendant Helene Africano, with whom he maintained contact until his death in 2016. In 2003, Mr. Voorhees began to send gifts and money to Defendant, and, in 2005, Defendant began to make annual, weeks-long visits to Mr. Voorhees.

On one of her visits in 2010, Defendant took Mr. Voorhees to see an attorney. While there, Mr. Voorhees created a trust in which Defendant was named trustee and beneficiary, and updated his will to name Defendant sole beneficiary of his estate. Mr. Voorhees also

executed a durable power of attorney naming Defendant his attorney-in-fact and authorizing Defendant to make gifts from his assets, including to herself.

Mr. Voorhees' health began to suffer in 2015. Defendant demanded he send money so she could travel to Florida to care for him, but she never came despite receiving tens of thousands of dollars. Defendant also told Mr. Voorhees' nursing staff not to tell anyone if he died, including Plaintiff. Upon Mr. Voorhees' passing on July 21, 2016, Defendant contacted a funeral home and requested a quick burial, telling the funeral home Mr. Voorhees had no family. Plaintiff did not learn of his father's passing until July 25, 2016, after contacting his father's nursing staff.

## PROCEDURAL BACKGROUND

Following Mr. Voorhees' passing, Plaintiff initiated probate proceedings in the Fifth Judicial Circuit in and for Lake County, Florida, based on a 2008 will naming Plaintiff a beneficiary.[1] Defendant filed a caveat and provided the 2010 will naming her sole beneficiary. Shortly thereafter, Plaintiff filed this action in the same Florida circuit court,[2] which Defendant removed based on diversity jurisdiction. (Doc. 1).

Plaintiff's amended complaint (Doc. 3) has four counts: undue influence (Count I), breach of fiduciary duty (Count II), conversion (Count III), and exploitation of an elderly person (Count IV). Plaintiff also moved for a temporary restraining order (Docs. 5, 11) to prevent Defendant from disposing of the assets in Mr. Voorhees' trust or bank accounts.

---

[1] The probate case number is 35-2016-CP-001200.

[2] The civil case number is 2016CA1391.

Defendant stipulated to entry of the restraining order during the pendency of this case. (Doc. 16). On September 19, 2016, Defendant moved to dismiss all four counts of the amended complaint. (Docs. 10, 13). Plaintiff then voluntarily dismissed the conversion claim without prejudice on October 5, 2016, (Doc. 18), leaving Counts I, II, and IV pending before this Court.

## DISCUSSION

Having considered the arguments presented by Defendant and Plaintiff, the Court concludes Defendant should not have been permitted to remove this case to federal court because this Court lacks subject-matter jurisdiction. Accordingly, the case will be *sua sponte* remanded to state court for the reasons explained below.

The Supreme Court has long recognized a narrow exception to federal subject-matter jurisdiction in probate cases. *Marshall v. Marshall*, 547 U.S. 293, 309 (2006) (explaining the history of the "probate exception"). The probate exception is to be applied in the following limited circumstances:

> [W]hen one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res.* Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311–12 (internal citations omitted). Federal courts recognize the probate exception applies to claims of undue influence that seek to invalidate a will. *See e.g. Wisecarver v. Moore,* 489 F.3d 747 (6th Cir.2007); and *Sommers v. Michelfelder*, No. 0880610CIV-MARRA/JO, 2008 WL 4097666, at *2 (S.D. Fla. Aug. 29, 2008).

3

The Court concludes Plaintiff's undue influence claim falls within the probate exception. Although inartfully pled, Plaintiff's undue influence claim is at least a first step in having Mr. Voorhees' 2010 will invalidated. As such, this Court lacks jurisdiction over that claim since the probate court is already tasked with determining which of the competing wills is valid.

This Court also lacks subject-matter jurisdiction over the remaining claims, although for another reason: lack of standing. Until the probate court rules on the validity of the 2010 will and trust, Plaintiff will not be able to demonstrate his interest in the *corpus* of the trust, which is required to establish standing in a breach of fiduciary duty claim under Florida law. *Siegel v. JP Morgan Chase Bank*, 71 So. 3d 935, 940 (Fla. Dist. Ct. App. 2011). Further, the probate court must determine whether to appoint Plaintiff personal representative of Mr. Voorhees' estate before Plaintiff would have standing to pursue an exploitation claim under Florida's Adult Protective Services Act ("APSA"). *See* § 415.1111, Florida Statutes (2016); *Pasquale v. Loving*, 82 So. 3d 1205, 1208 (Fla. Dist. Ct. App. 2012) (affirming dismissal of an APSA claim because the plaintiffs lacked standing).

Based on the above, whether Plaintiff can bring either the breach of fiduciary duty or APSA claim depends on the ruling the probate court makes regarding the validity of the 2010 will and trust. Until such a ruling is made, this Court lacks subject-matter jurisdiction because Plaintiff lacks standing. However, given the interrelated nature of these claims to the probate proceedings, this Court concludes it is more appropriate for the state court to determine whether to dismiss these claims or transfer them to the probate court for handling. As such, these claims will also be remanded.

Accordingly, it is ORDERED AND ADJUDGED that:

1. This case is REMANDED.

2. The Clerk is directed to remand this case to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida. The Clerk is also directed to forward a certified copy of this Order to that court.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of October, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5